UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRYAN STEPHEN FARRILL,

Plaintiff,

v. CASE NO. 8:26-cv-1644-MSS-SPF

CONNOR STACY, in his official capacity with the Pinellas County Sherriff's Office,

Defendant.
_________________________________/

**ORDER**

Before the Court is Plaintiff's Motion for Reconsideration (Doc. 7). In his motion, Plaintiff seeks reconsideration of this Court's prior Report and Recommendation denying Plaintiff's Motion to Proceed *in forma pauperis* and recommending dismissal of this action (Doc. 6). For the reasons stated herein, the motion is denied.

**I. Background**

Plaintiff, proceeding *pro se*, initiated this action on June 3, 2026, against Defendant, Connor Stacy in his official capacity with the Pinellas County Sherriff's Office. As best understood by this Court, Plaintiff, an alleged sovereign citizen, claims that on January 11, 2026, Deputy Stacy unlawfully searched Plaintiff and seized cash and "amino acids" from him. (Doc. 1, ¶¶ 9, 29). Plaintiff maintains that the search and seizure was unlawful because Deputy Stacy did not have "personal jurisdiction" over him as the "sole proprietorship to the white foreign ambassador for the Nation of the Amnesty Coalition." (Doc. 1, ¶¶ 20, 23, 30). Based on this incident, Plaintiff brings claims against Deputy Stacy in his official capacity. On September 18, 2026, this Court entered a Report and Recommendation finding that

Plaintiff's Complaint failed to state as claim as Plaintiff's allegations are premised on the erroneous belief that Deputy Stacy did not have personal jurisdiction over him. (Doc. 6).

**II. Legal Standard**

Courts generally recognize three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Succullo v. U.S.*, No. 8:16-CV-410-T-36TBM, 2017 WL 6383984, at *2 (M.D. Fla. Oct. 3, 2017). The decision to grant a motion for reconsideration is within the sound discretion of the trial court. *See Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). When presented with a motion to reconsider, however, a court should proceed cautiously, realizing that "in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003), *aff'd*, 419 F.3d 1208 (11th Cir. 2005); *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (explaining that "[f]or reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions").

**III. Analysis**

In his motion, Plaintiff does not present an intervening change in controlling law or new evidence but rather appears to suggest that this Court's prior ruling was a "manifest error." However, like his Complaint, Plaintiff's motion is fraught with pseudo-legalese which is largely nonsensical and fails to cohesively identify a manifest error. Instead, in a convoluted series of paragraphs, Plaintiff attempts to differentiate federal and state citizenship and alleges that he is the sovereign which granted the federal government its authority. (Doc. 7, ¶¶ 3–4).

Plaintiff further claims that he has "politely conferred nationality of my sole prop onto [the undersigned's] boss 'STATE OF FLORIDA' to give the court jurisdiction" and argues that the only authority he needs to travel is the Ninth Amendment. (Doc. 7, ¶¶ 7, 10). Succinctly put, rather than identifying a manifest error, Plaintiff's motion merely reinforces this Court's prior finding that Plaintiff's claims are frivolous and fail state a viable claim.

**IV. Conclusion**

It is **ORDERED:**

1. Plaintiff's Motion for Reconsideration (Doc. 7) is **DENIED**.

ORDERED in Tampa, Florida, on October 15, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE