UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRYAN STEPHEN FARRILL,

Plaintiff,

v. CASE NO. 8:26-cv-1644-MSS-SPF

CONNOR STACY, in his official capacity with the Pinellas County Sherriff's Office,

Defendant.
_____________________________________/

**ORDER**

This matter comes before the Court upon Plaintiff's Motion to Recuse United States Magistrate Judge Sean P. Flynn (Doc. 9). Plaintiff cites to 28 U.S.C. § 455(a) as a basis for the disqualification. The criterion for disqualification under 28 U.S.C. § 445(a) is stated as follows: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

"Section 455(a) requires recusal when the objective circumstances create an appearance of partiality. A charge of partiality must be supported by some factual basis, however. Recusal cannot be based on 'unsupported, irrational or highly tenuous speculation.'" *United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999) (quoting *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981)). "Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion. The judge's bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th

Cir. 1990) (citations omitted); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). Upon consideration of this matter, the Court finds no basis to warrant disqualification.

In this case, the entire premise of Plaintiff's argument is that the undersigned made an incorrect ruling in this matter by recommending that Plaintiff's Motion to Proceed *in forma pauperis* be denied and Plaintiff's Complaint be dismissed. (Doc. 6). Through a swarm of inaccurate and largely incomprehensible pseudo-legalese, Plaintiff asserts the facts underlying the undersigned's denial of his motion "give rise to a reasonable question as to Judge Flynn's impartiality." (Doc. 9 at 3–7). However, Plaintiff's claims, including his belief that the undersigned may suffer from an intellectual disability (Doc. 9 at 4), evidence nothing more than Plaintiff's disagreement with the undersigned's decision and are essentially a repackaged version of his prior Motion for Reconsideration (Doc. 7). Plaintiff has therefore failed to demonstrate that the undersigned's impartiality may reasonably be questioned. 28 U.S.C. § 455(a).

Accordingly, upon due consideration, it is hereby **ORDERED**:

1. Plaintiff's Motion to Recuse United States Magistrate Judge Sean P. Flynn (Doc. 9) is **DENIED**.

**ORDERED** in Tampa, Florida, on November 4, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE